**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JOSE LUIS MAGDALENO,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 07-CV-4101-MWB
(No. 07-CR-4014-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* .................................................. 2
   *A. Charges, Plea, and Sentence* ................................ 2
   *B. Section 2255 Motion* ....................................... 3

*II. LEGAL ANALYSIS* .............................................. 3
   *A. Standards For Relief Pursuant To § 2255* .................... 3
   *B. Preliminary Matters* ....................................... 6
   *C. Ineffective Assistance Of Counsel* .......................... 7
      *1.   Applicable Standards* ................................ 7
      *2.   Failure To Argue For Reduced Sentence* ............... 9
   *D. Additional Issues* ........................................ 10
      *1.   Violation Of Rule 11* ............................... 10
      *2.   Sentence Imposed In Excess of Maximum* ............. 12
   *E. Certificate Of Appealability* ............................. 13

*III. CONCLUSION* ................................................ 14

## I. INTRODUCTION

This matter comes before the court pursuant to Petitioner Jose Magdaleno's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1), filed on November 19, 2007. Magdaleno claims that his trial counsel provided him with ineffective assistance in various ways. The prosecution denies that Magdaleno is entitled to any relief on his claims.

### *A. Charges, Plea, and Sentence*

On February 23, 2007, Magdaleno was charged with Possession of a Firearm and Ammunition by an Illegal Alien and with being a Felon In Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2), and 922(g)(1). *See* CR 07-4014, docket no.1. Magdaleno appeared before Chief United States Magistrate Judge Paul A Zoss on March 9, 2007, and pled not guilty to the charges. *See* CR 07-4014, docket no. 6. On March 22, 2007, the prosecution filed a superseding indictment (CR 07-4014, docket no. 10), in the case, charging Magdaleno with Possession of a Firearm and Ammunition by an Illegal Alien and Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) & (5) and 924(a)(2). Magdaleno appeared before Judge Zoss on April 5, 2007 and entered a plea of not guilty to the superseding indictment. *See* CR 07-4014, docket no. 16. On May 21, 2007, Magdaleno appeared before Judge Zoss for a change of plea hearing and entered his plea of guilty as charged by the superseding indictment. *See* CR 07-4014, docket no. 20. Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (CR 07-4014, docket no. 23), on May 21, 2007. By Order (CR 07-4014, docket no. 24), of June 5, 2007, the undersigned accepted the Report and Recommendation, thereby accepting Magdaleno's plea of guilty. Magdaleno, through counsel, filed a Motion for Downward Variance (CR 07-4014, docket no. 25), on July 26, 2007. The prosecution filed a

Resistance to the Motion for Downward Variance (CR 07-4014, docket no. 28), on August 7, 2007. Magdaleno appeared before the undersigned on August 8, 2007, for sentencing. *See* CR 07-4014, docket no. 31. The undersigned denied Magdaleno's Motion for Downward Variance and sentenced Magdaleno to 100 months, at the bottom of the guideline range. *See* CR 07-4014, docket no. 31.

### B. Section 2255 Motion

On November 19, 2007, Magdaleno filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion"). Magdaleno claims that his trial counsel provided him with ineffective assistance and other grounds to set aside his sentence. Although Magdaleno requested transcripts of the proceedings before the court, he has not filed a brief in support of his motion. The respondent generally denies that Magdaleno is entitled to relief, but asserts that, given the lack of any specific arguments to address, it has not filed a brief in support of its position in this case. Regardless of the sparse record with regard to Magdaleno's Motion, this court will proceed to address the merits of his claims.

### II. LEGAL ANALYSIS
### A. *Standards For Relief Pursuant To § 2255*

Turning to the legal analysis of Magdaleno's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the

> maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that her sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to her actual and substantial disadvantage, infecting her entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'")

(quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "'[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Magdaleno's claims for § 2255 relief.

## B. *Preliminary Matters*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Magdaleno's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Magdaleno's allegations cannot be accepted as true because they are contradicted by the record.

Some of Magdaleno's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show

'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Magdaleno can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Therefore, the court will pass on to the merits of Magdaleno's claims for § 2255 relief.

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for her defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28

7

U.S.C. § 2255 proceedings."). Thus, whether or not Magdaleno is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced her defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that her counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that her counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that her 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range

8

of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that her counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure To Argue For Reduced Sentence*

Magdaleno argues that his counsel was ineffective for failing to meaningfully argue for a reduced sentence in his case. (Motion at 9).

The record demonstrates that Magdaleno's trial counsel filed a Motion for Downward Variance pursuant to 18 U.S.C. § 3553(a) in this case on the basis that

9

Magdaleno's base offense level was inflated and his criminal history was over-represented. See CR 07-4014, docket no. 25. Trial counsel thoroughly briefed this argument and in addition presented oral argument in support thereof at Magdaleno's sentencing hearing. (Sent. Tr. at 13-18). It is not clear what more Magdaleno's counsel could have done to have meaningfully argued for a reduced sentence. The performance of Magdaleno's counsel in this regard cannot be said to "fall below an objective standard of reasonableness". *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Magdaleno's claim for ineffective assistance of counsel will be denied on these grounds.

### D. Additional Issues

#### 1. *Violation Of Rule 11*

Magdaleno claims that Rule 11 was violated during his plea hearing because there was no factual basis for his plea and he was not precisely advised of the nature of the charges against him. (Motion at 5). Magdaleno's *pro se* Motion is silent, however, with regard to the performance of his counsel. Magdaleno does not make any allegation that can be construed to allege ineffective assistance of his trial counsel. Further, Magdaleno's claim cannot be said to be so "novel that its legal basis was not reasonably available to counsel" at the time of his sentencing or direct appeal. *Bousley,* 523 U.S. at 622 (finding no procedural default where counsel had a "reasonable basis" for failing to raise an issue previously when a new constitutional rule represented a clear break with the past). Although this court does not believe that Magdaleno's procedural default is excused by the "novelty" of the issue, even if it were to assume so, this court would determine that

Magdaleno's claim fails on the merits. On a § 2255 motion, the burden of proof is on the petitioner to show that his sentence must be vacated. *Cassidy v. United States*, 428 F.2d 585, 587 (8th Cir. 1970)(quoting *Johnson v. Zerbst,* 304 U.S. 458, 468-469, 58 S. Ct. 1019 (1938)).

Rule 11 of the Federal Rules of Criminal Procedure requires a court to inform a defendant of the nature of each charge to which the defendant is pleading, ensure that the defendant understands the same, and determine that there is a factual basis for the plea, prior to accepting a plea of guilty. On collateral attack, a formal violation of Rule 11 requires relief only if it creates a jurisdictional or constitutional error, results in a miscarriage of justice, violates the "rudimentary demands of fair procedure," or creates extraordinary circumstances. *Roberson v. United States,* 901 F.2d 1475, 1477 (8th Cir. 1990) (citing *Harvey v. United States,* 850 F.2d 388, 394 (8th Cir. 1988). Magdaleno would be entitled to relief if the totality of the circumstances indicate that he did not understand the nature of the charges to which he entered a plea of guilty. *Id*. (citing *United States v. Nieuwsma,* 779 F.2d 1359, 1361 (8th Cir. 1985).

The record in this case clearly demonstrates that Rule 11 was adhered to during Magdaleno's plea hearing. Magdaleno was clearly advised of the nature of the charge against him including a thorough discussion of each of the elements. (Plea Trans. at 13-18). Additionally, Magdaleno specifically acknowledged each of the facts that established the factual basis for the charge. (Plea Trans. at 13-18). Magdaleno's claim fails because, on this record, he cannot establish any violation of Rule 11 during his plea hearing and the totality of the circumstances indicate that he understood the nature of the charges to which he entered a plea of guilty.

### 2. *Sentence Imposed In Excess of Maximum*

Magdaleno also asserts that his sentence was in excess of the maximum allowed by law. (Motion at 8). Here to, Magdaleno's *pro se* Motion is silent with regard to the performance of his counsel. Magdaleno does not make any allegation that can be construed to allege ineffective assistance of his trial counsel. Further, Magdaleno's claim cannot be said to be so "novel that its legal basis was not reasonably available to counsel" at the time of his sentencing or direct appeal. *Bousley,* 523 U.S. at 622 (finding no procedural default where counsel had a "reasonable basis" for failing to raise an issue previously when a new constitutional rule represented a clear break with the past). Although this court does not believe that Magdaleno's procedural default is excused by the "novelty" of the issue, even if it were to assume so, this court would determine that Magdaleno's claim fails on the merits. On a § 2255 motion, the burden of proof is on the petitioner to show that his sentence must be vacated. *Cassidy*, 428 F.2d at 587(quoting *Johnson,* 304 U.S. at 468-469).

This court finds that there is simply no basis for the claim that Magdaleno's sentence was in excess of that authorized by law. Magdaleno was charged with violation of 18 U.S.C. §§ 922(g)(1) & (5), and 924(a)(2). The statutory maximum for Magdaleno's charge was ten years. The guideline range, without consideration of the statutory maximum, was 100 to 125 months. Although the undersigned denied Magdaleno's Motion For a Downward Variance, Magdaleno's 100-month sentence was at the bottom of the guideline range and below the statutory minimum of 120 months. There is no support in the record for Magdaleno's claim that his sentence was in excess of that allowed by law and, therefore, his claim, on this ground, must fail.

### E. *Certificate Of Appealability*

Denial of Magdaleno's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Magdaleno has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Magdaleno's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Magdaleno does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## III. CONCLUSION

Upon the foregoing, defendant Magdaleno's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 17th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA